**IN UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | Case No. 4:05-cr-037 |
| | ) | |
| Derrick Keys, | ) | |
| | ) | |
| Defendant. | ) | |

Before the Court is the Government's petition to revoke the Defendant's pre-sentence release on the grounds that he violated a condition of his release. A hearing on this matter was conducted on January 18, 2006. Assistant U.S. Attorney Paul R. Emerson appeared on behalf of the Government. Attorney Timothy Q. Purdon appeared on behalf of the Defendant. For the reasons outlined below, the Court finds by clear and convincing evidence that the Defendant has violated a condition of his pre-sentence release.

I.      **BACKGROUND**

On December 8, 2005, the defendant, Derrick Keys, appeared before the Court for a change of plea hearing. Keys pled guilty to a charge of simple possession of a controlled substance, namely 48 grams of methamphetamine. The Court released Keys pending sentencing with his previous conditions of release and added the following conditions:

(1)      The defendant shall refrain from the use of alcohol, and any use or possession of narcotic drugs and other controlled substances defined in 21 U.S.C. § 802 unless prescribed by a licensed medical practitioner, and submit to drug screening and alcohol testing to verify compliance;

(2)      The defendant shall undergo a substance abuse evaluation if required by the Pretrial Services officer and comply with resulting treatment recommendations; and

(3)     The defendant shall submit his person, residence, workplace, vehicle, computer, and/or possessions to a search conducted by a United States Probation and Pretrial Services Officer based upon evidence of a violation of a condition of supervision.  Failure to submit to a search may be grounds for revocation, additional criminal charges, and arrest. The defendant shall notify any other residents that the premises may be subject to searches pursuant to this condition.

On January 9, 2005, the Government petitioned the Court for a revocation of Keys' pre-sentence release.  (Docket No. 38).  The petition set forth four alleged violations:

1.      It is believed the defendant has violated additional condition number 1, to wit:  The defendant submitted a urine sample on December 14, 2005, which tested positive for methamphetamine.  The defendant admitted to the use of methamphetamine and the sample was confirmed positive for methamphetamine by KROLL Laboratories on December 22, 2005.

2.      It is believed the defendant has violated additional condition number 1, to wit:  The defendant submitted a urine sample on December 20, 2005, which tested positive for marijuana.  The defendant admitted to the use of marijuana.

3.      It is believed the defendant has violated additional condition number 1, to wit:  the defendant submitted a urine sample on January 6, 2006, which tested positive for methamphetamine.  The defendant admitted to the use of methamphetamine.

4.      It is believed the defendant has violated standard condition of release number 1, to wit:  The defendant was arrested on January 7, 2006, by the Rolette County Sheriff's Office on charges of Possession of Methamphetamine, Possession of Marijuana, and Possession of Drug Paraphernalia.  There are also potential charges forthcoming for the defendant's alleged involvement in an attempted murder on this same date.

See Docket No. 38.

A revocation hearing was conducted on January 18, 2006, in accordance with 18 U.S.C. § 3148.  At the revocation hearing, Keys voluntarily admitted to violations one, two , and three as set forth in the petition.

It is well-established that a defendant who has been released pending trial or sentencing and who has violated a condition of release, is subject to a revocation of his release, an order of detention, and a prosecution for contempt of court. 18 U.S.C. § 3148 (a). If the Government shows there is probable cause to believe that a defendant has committed a crime while on release, or if the Government proves, by clear and convincing evidence that a defendant has violated a condition of release, the Court has the discretion to revoke pre-sentence release. 18 U.S.C. § 3148(b)(1)(A), (b)(1)(B).

It is clear and undisputed that the defendant, Derrick Keys, violated the conditions of his release as ordered by the Court after the change of plea hearing on December 8, 2005. Thus, the Court finds by clear and convincing evidence that Keys admittedly violated the conditions of his pre-sentence release. The Court further finds that there is no condition or combination of conditions of release that will assure that Keys will not flee or pose a danger to the safety of any other person of the community. The Court further finds that Keys is unlikely to abide by any condition or combination of conditions of release. The Court **ORDERS** that Keys' conditions of release be revoked and that he be detained in the custody of the U.S. Marshal pending the sentencing hearing currently scheduled for February 16, 2006. See 18 U.S.C. § 3148(b)(2)(A), (b)(2)(B).

**IT IS SO ORDERED.**

Dated this 18th day of January, 2006.

Daniel L. Hovland, Chief Judge
United States District Court

3